UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIMES,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | NO. EDCV 17-2140-ODW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On October 18, 2017, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"). Because Petitioner's claim is not cognizable in habeas under *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017), the Court lacks jurisdiction over the Petition. This Order is without prejudice to Petitioner's ability to file the Petition as a First Amended Complaint in his pending civil rights case on the same issues, *Grimes v. Beard*, EDCV 15-2267 ODW (AGR).

**I.**

**PROCEDURAL BACKGROUND**

Petitioner is currently confined in Coalinga State Hospital. (Petition at 1.) According to his attachments, Petitioner is awaiting trial in Case No.

FELJS1600148 on a petition to deem him a sexually violent predator pursuant to Cal. Welf. & Inst. Code § 6600. (*Id.* at 64.)[1]

Grounds One, Two and Three of the Petition challenge a rules violation he incurred while incarcerated at California Institute for Men ("CIM"). He appears to challenge the prison's policy of requiring him to self-catheterize to provide a urine sample for random drug testing (a non-medical reason). His refusal to do so apparently resulted in a rules violation for refusing to provide a urine sample. Ground Four challenges a parole requirement that he attend AA or NA meetings.

## II.

## **DISCUSSION**

In the en banc decision in *Nettles*, the Ninth Circuit held that habeas is the exclusive vehicle for state prisoner claims if success on those claims would necessarily demonstrate the invalidity of confinement or its duration. A civil rights action under 42 U.S.C. § 1983 "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 830 F.3d at 927. Thus, "[i]f the prisoner's claim challenges the fact or duration of the conviction or sentence, compliance with AEDPA is mandated, while if the claim challenges any other aspect of prison life, the prisoner must comply with the PLRA." *Id.* at 934 (footnote omitted).

Success on Petitioner's claims would not necessarily lead to his immediate or earlier release date from confinement. Petitioner is no longer incarcerated at CIM, where he suffered the rules violation. He is currently at Coalinga awaiting trial on a petition under Cal. Welf. & Inst. Code § 6600. Accordingly, Petitioner's claims to do not fall within the core of habeas corpus and this court does not have habeas jurisdiction. *Nettles*, 830 F.3d at 935.

---

[1] Page citation are to the page numbers assigned by the CM/ECF system in the header.

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Here, summary dismissal is warranted. In *Nettles*, the court held that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner" and providing "an opportunity for the litigant to withdraw or amend his or her complaint." *Id.* at 936. Petitioner, however, previously filed a civil rights complaint under § 1983 with the same claims, and has already been given leave to file a First Amended Complaint in *Grimes v. Beard*, EDCV 15-2267 ODW (AGR). Construction of the Petition as a civil rights complaint would create a wholly unnecessary and duplicative action.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction. This Order is without prejudice to the Petitioner's ability to file the Petition as a First Amended Complaint in his pending civil rights action, *Grimes v. Beard*, EDCV 15-2267 ODW (AGR).

DATED: October 26, 2017

OTIS D. WRIGHT II
United States District Judge